United States District Court
District of Massachusetts

| | |
|---|---|
| **PHILIP R. GINDI,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No.<br>)   15-13869-NMG |
| **RONALD B. NORTON,** | )<br>) |
| Defendant. | )<br>) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Philip Gindi ("Gindi" or "plaintiff") alleges that defendant Ronald Norton ("Norton" or "defendant") committed, <u>inter alia</u>, intentional and/or negligent infliction of emotional distress and assault upon him.  Norton's motion to dismiss and Gindi's motion to remand are now pending before the Court.  For the reasons that follow, the motion to dismiss will be allowed and the motion to remand will be denied as moot.

**I.   Factual and Procedural Background**

Gindi is a civilian employee of the United States Air Force at the Hanscom Air Force Base ("Hanscom") in Bedford, Massachusetts.  Norton was Gindi's branch chief and supervisor during the time period at issue.  Gindi's claims arise from interactions that occurred while he was at work.  He alleges that Norton became very upset after he responded to a work-

related email.  According to Gindi, Norton "shouted" and "sh[ook] his finger" in Gindi's face in an intimidating manner and "threatened to . . . give him a bad review."  This purportedly resulted in Gindi becoming "physically ill" and requiring "medical intervention".

In October, 2015 Gindi filed a complaint in Massachusetts District Court alleging 1) violation of the Massachusetts Discrimination Statute, M.G.L. c. 151B, 2) discrimination under the Civil Services Reform Act, 5 U.S.C. § 2301(b), 3) retaliation for whistle blowing and 4) eight common law torts. Defendant subsequently removed the case to the United States District Court for the District of Massachusetts.  Thereafter, defendant filed a statement of Carmen Ortiz, the United States Attorney for the District of Massachusetts, ("U.S. Attorney") certifying that Norton was acting within the scope of his employment during the events at issue and substituting the United States as the defendant for the common law tort claims.

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff has failed to state claims upon which relief can be granted.  Plaintiff has, in turn, filed a motion to remand the case to state court and an opposition to Norton's substitution of the United States as a defendant.  Those motions are the subject of this memorandum.

**II.   Motion to Dismiss**

    **1. Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**2. Analysis**

Defendant moves to dismiss all 12 counts in the complaint. Plaintiff opposes only the dismissal of Count VIII, intentional infliction of emotional distress, Count IX, negligent infliction of emotional distress, and Count XII, assault.  Accordingly, this memorandum will address only the three viable counts.

In defendant's view, the remaining counts should be dismissed because they are 1) preempted by the CSRA, 2) unripe for review and 3) exempted from the sovereign immunity waiver under the Federal Torts Claims Act ("FTCA").  Finally, defendant contends that plaintiff has failed to state claims for infliction of emotional distress.

### a. Preemption Under the Civil Service Reform Act ("the CSRA")

The CSRA is a comprehensive scheme which specifies how federal employees can challenge prohibited personnel actions. Roth v. United States, 952 F.2d 611, 614 (1st Cir. 1991). Pursuant to the CSRA, prohibited personnel actions violate

> merit system principles which require the federal sovereign to treat its employees fairly and shield them from capricious actions, personal vendettas, favoritism, and the like.

Id.  The CSRA also encompasses remedial actions based on employee performance. Id.  Courts "jealously guard[]" the CSRA against judicial intrusion, Montplaisir v. Leighton, 875 F.2d 1, 3 (1st Cir. 1989), and the First Circuit Court of Appeals has

-4-

determined that the CSRA preempts "work-related tort claims." Roth, 952 F.2d at 615 (internal quotation and citation omitted).

Plaintiff's contention that his claims are not preempted by the CSRA because they would be actionable torts outside of the workplace is incorrect. The purported infliction of emotional distress and assault occurred at work with respect to work-related emails and a threatened poor performance review. They are precisely the sort of work-related incidents that the CSRA preempts. 5 U.S.C. § 2302(a)(2)(A)(viii); see also Taydus v. Cisneros, 902 F.Supp. 288, 292 (D. Mass. 1995) ("[The] CSRA prohibits former federal employee's claims for . . . intentional and reckless infliction of emotional distress[.]") (citation omitted).

### b. Ripeness and Sovereign Immunity Under the FTCA

The government (on behalf of Norton) submits that, even if Gindi's claims were not preempted by the CSRA and properly pled under the FTCA, plaintiff has failed to exhaust administrative remedies and the claims are barred by the doctrine of sovereign immunity. Gindi responds that the FTCA does not apply because the claims are against Norton in his personal capacity and Gindi therefore opposes the substitution of the United States as a party.

### i. Substitution of the United States

Pursuant to the Westfall Act, federal employees who supposedly commit a tort during the course of their employment are entitled to immunity. 28 U.S.C. § 2679(b)(1), (d); see also Aversa v. United States, 99 F.3d 1200, 1207-08 (1st Cir. 1996). Upon a certification from the Attorney General that a federal employee was acting within the scope of his employment, the United States will be substituted as a party and the employee will be dismissed. 28 U.S.C. § 2679(d)(1); Davric, 238 F.3d at 65.

Certifications may, however, be judicially reviewed. Aversa, 99 F.3d at 1208. If the plaintiff demonstrates that the federal employee was acting beyond the scope of his employment, as defined by the pertinent state law, the court will re-substitute the federal employee as the defendant. Davric, 238 F.3d at 65-66. When the proponent of the substitution avers that the federal employee was acting within the scope of his employment, even if the allegations in the complaint are true, the request for substitution is evaluated "on the face of the complaint (akin to a motion to dismiss)." Id. at 66. A plaintiff who opposes the substitution has the burden of proving that the acts occurred outside of the scope of employment. Id.

The U.S. Attorney has certified that Norton's purported conduct occurred within the scope of his employment and has

filed a notice substituting the United States as the defendant. Plaintiff opposes the substitution on the grounds that Norton was acting outside the scope of his employment because he was "not permit[ted] to commit assault" as part of his job, the purported acts did not further the interests of the Air Force and Norton was not hired to commit such acts.

Because the incident occurred in Massachusetts, the law of the Commonwealth applies. Davric, 238 F.3d at 65. In Massachusetts, an act is within the scope of employment

> [1] if it is of the kind he is employed to perform; [2] if it occurs substantially within the authorized time and space limits; and [3] if it is motivated, at least in part, by a purpose to serve the employer.

Kelly v. United States, 924 F.2d 355, 356 (1st Cir. 1991) (quoting Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986)).

The scope of employment is "not construed restrictively" and intentional torts lie within the scope of employment in a "variety of situations." Com. v. Jerez, 390 Mass. 456, 462 (1983). For instance, assault falls within the scope of employment if it

> stem[s] from and directly relate[s] to the frustration of the ability to perform on the assignments for which the employee is presently responsible.

Envisn, Inc. v. Davis, No. 11-cv-12246-FDS, 2012 WL 1672887, at *3–4 (D. Mass. May 11, 2012) (quoting Dwyer v. Hearst Corp., 3

Mass. App. Ct. 76, 79-80 (1975)).  Even "a spontaneous act of frustration" is within the scope of employment if it relates to an employee's management duties.  See id. (internal quotation and citation omitted).

Norton's purported acts were within the scope of his employment.  First, supervision of employees' work-related emails and performance reviews are managerial duties Norton would be expected to perform.  Second, the alleged incident occurred at Hanscom and thus was in authorized time and space limits.  Finally, Norton's supposed outburst was an act of frustration motivated, at least in part, by his management duties.  Accordingly, plaintiff's challenge of government's substitution fails and the United States will be substituted as a party.

### ii.  Ripeness and Sovereign Immunity

The government is correct in its assertion that a plaintiff filing a claim under the FTCA must first exhaust the claim before the applicable federal agency. 28 U.S.C. § 2675(a). Failure to exhaust claims administratively is a jurisdictional bar to a claim against the government pursuant to the FTCA. Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 38 (1st Cir. 2006).  Therefore, even if plaintiff had properly pled his claims under the FTCA, the claims would be barred

because he has not filed administrative tort claims against the United States Air Force.

Furthermore, the FTCA does not waive sovereign immunity for assault claims. Davric, 238 F.3d at 62 n.6 (quoting 28 U.S.C. § 2680(h)).  Although claims based on infliction of emotional distress are permitted under the FTCA, see Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 20-21 (1st Cir. 1993), to survive a motion to dismiss, plaintiffs must adequately plead those claims as required by Massachusetts law. See Bolduc v. United States, 402 F.3d 50, 56-57 (1st Cir. 2005).

### c. Failure to State Claims of Infliction of Emotional Distress

Even if the infliction of emotional distress claims were not barred by CSRA preemption and failure to exhaust administrative remedies as required by the FTCA, plaintiff has failed to state claims upon which relief can be granted pursuant to Massachusetts law.  For an intentional infliction of emotional distress claim, a plaintiff must submit pleadings showing that the complained-of incident

> was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community.

Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976)) (internal quotations omitted).  Assuming that plaintiff's

allegations are true, his claims that Norton yelled at, insulted and threatened him do not meet the rigorous prerequisite for a prima facie case of intentional infliction of emotional distress.

In order to state a viable claim of negligent infliction of emotional distress, a plaintiff must demonstrate:

> (1) negligence, (2) emotional distress, (3) causation, (4) physical harm manifested by objective symptomology, and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.

Smith v. City of Boston, No. 03-cv-10062-DPW, 2004 WL 1572626, at *11 (D. Mass. July 13, 2004) (citing Payton v. Abbott Labs, 386 Mass. 540, 557 (1982)). Plaintiff has failed to state such a claim because he does not allege that Norton owed him a duty or breached a duty, elements required to show negligence. See Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 239–40 (1st Cir. 2013).

Moreover, plaintiff's claims that he "fell ill", was "physically ill" and "required medical intervention" fail to state that plaintiff suffered physical harm resulting in "objective symptomology." Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Plaintiff's conclusory assertion of physical harm does not

suffice. See Taylor v. Moskow, 13-cv-10802-FDS, 2013 WL 5508157, at *4–5 (D. Mass. Oct. 1, 2013).

## III. Motion to Remand

Even if plaintiff's case were not to be dismissed, certification by the Attorney General that a federal employee was acting within the scope of his employment "conclusively establish[es] scope of . . . employment for purposes of removal." Osborn v. Haley, 549 U.S. 225, 242 (2007) (emphasis in original) (quoting 28 U.S.C. § 2679(d)(2)).  Therefore, because the U.S. Attorney has certified that Norton was acting within the scope of his employment during the relevant interactions, plaintiff's motion to remand this case would be, in any event, denied.

## ORDER

In accordance with the foregoing,

1. Defendant's motion to dismiss (Docket No. 13) is **ALLOWED** and

2. Plaintiff's motion to remand (Docket No. 19) is **DENIED** as moot.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated November 2, 2016